UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHRISTINA BIGLEY,

    Plaintiff,

v.                                                Case No. 2:21-cv-84-JLB-MRM

LIBERTY MUTUAL FIRE INSURANCE
COMPANY,

    Defendant.
_____

## **ORDER**

Plaintiff Christina Bigley moves to remand this insurance action against Defendant Liberty Mutual Fire Insurance Company ("Liberty Mutual") because she claims her covered loss is less than the jurisdictional amount in controversy. (Doc. 12.) After reviewing the parties' evidence, the Court could not conclusively determine whether the amount in controversy was indeed less than $75,000, or if Ms. Bigley was attempting to divest the Court of its jurisdiction. Accordingly, the Court directed Ms. Bigley to file a supplemental affidavit addressing: (1) what covered losses she sought to recover on the date of removal, (2) whether the losses were repaired before the notice of removal was filed, (3) the date and cost of any such repairs, and (4) any discrepancies between the actual cost of repair and Ms. Bigley's prior estimates. (Doc. 27.)[1] Ms. Bigley filed the supplemental affidavit

---

[1] The Court's May 17, 2021 Order (Doc. 27) is made a part of this Order for all purposes.

(Doc. 28), and the Court now has sufficient information to rule on the motion.

Liberty Mutual removed this case based on an estimate from Moreau Consultants, LLC ("Moreau") totaling $85,376.63 and a sworn proof of loss from Ms. Bigley totaling $145,272.31. (Docs. 1-4, 1-5). Ms. Bigley moves for remand because she claims she completed "full repairs" for "a total cost of $46,148.50" two months <u>before</u> Liberty Mutual removed this case. (Doc. 15 at 1–3.) Initially, Ms. Bigley's evidence consisted of invoices for minor bathroom repairs, some of which pre-dated the loss. (Doc. 1-1 at ¶ 8; Doc. 15 at 77–78.) The scope of the work reflected in the invoices was much narrower than the work in Moreau's estimate. Ms. Bigley now provides the Court with more detailed records suggesting that all covered repairs to her residence were completed for $53,648.50—different than her previous figure of $46,148.50 but still less than $75,000. (Doc. 28-1, Ex. D.) Ms. Bigley claims the repairs were much cheaper than initial estimates due to "various negotiation with contractors, competitive pricing, and good fortune." (Doc. 28 at 6.)

Ms. Bigley's affidavit also provides some important factual context: Ms. Bigley apparently suffers from Alzheimer's disease and currently resides at an assisted living facility in Georgia.[2] (Doc. 28 at ¶ 3.) In other words, she no longer lives at the insured property and has no intention of paying for any future repairs to it. (<u>Id.</u> at ¶ 7.)[3] While Ms. Bigley's current place of residence is not necessarily

---

[2] The affidavit was prepared on Ms. Bigley's behalf by Paul H. Kennedy, who executed a Durable Power of Attorney with Ms. Bigley. (Doc. 28 at ¶ 2.) As Ms. Bigley is the named plaintiff, the Court credits the representations in the affidavit as "hers" for purposes of this case.

[3] She sold the property on December 15, 2020—after she made the repairs

determinative of how much she can recover, the Court believes the information is relevant to how much Ms. Bigley is actually seeking in damages. SFR Servs. LLC, v. GeoVera Specialty Ins. Co., No. 2:19-cv-466-JLB-MRM, 2021 WL 1909669, at *5 (M.D. Fla. May 12, 2021).

"[A] removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 754 (11th Cir. 2010). At the same time, the Eleventh Circuit has cautioned that "doubts about jurisdiction should be resolved in favor of remand to state court." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999). Where "great uncertainty" remains about the amount in controversy, it is appropriate to "resolve[] that uncertainty in favor of remand." Miedema v. Maytag Corp., 450 F.3d 1322, 1332 (11th Cir. 2006), abrogated on other grounds, Dudley v. Eli Lilly and Co., 778 F.3d 909 (11th Cir. 2014).

Here, significant uncertainty exists as to the amount in controversy. Although Liberty Mutual relied on Ms. Bigley's sworn proof of loss and initial repair estimate, it appears those estimates may have been inaccurate. At the very least, the Court is unable to conclude that Liberty Mutual has established an amount in controversy exceeding $75,000 by a preponderance of the evidence. Given the level of uncertainty regarding the amount in controversy, the Court has determined that remand is required. Accordingly, it is **ORDERED**:

1. Ms. Bigley's amended motion to remand (Doc. 12) is **GRANTED**.

---

but before Liberty Mutual removed the case. (Doc. 28 at ¶ 7; Doc. 28-1 at 22.)

2. The Clerk is **DIRECTED** to **REMAND** this case to the Circuit Court of the Twentieth Judicial Circuit in and for Collier County, Florida, terminate any pending deadlines and motions, and close the file.

**ORDERED** in Fort Myers, Florida, on May 28, 2021.

*John L. Badalamenti*
JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE